# EXHIBIT B

12/15/2014 3:27:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3492329
By: Cassandra Durisseau
Filed: 12/15/2014 3:27:24 PM

**2014-72462 / Court: 055**

Cause Number ____

| | | |
|---|---|---|
| Apache Corporation, | § | In the District Court of |
| *Plaintiff,* | § | |
| v. | § | Harris County, Texas |
| W&T Offshore, Inc., | § | |
| *Defendant.* | § | ___ Judicial District Court |

<u>Plaintiff's Original Petition and Request for Disclosure</u>

Plaintiff Apache Corporation ("Apache") files this original petition against defendant W&T Offshore, Inc. ("W&T"). W&T breached the parties' joint operating agreement by refusing to pay its 49% share of plugging and abandonment costs for three offshore wells in the Gulf of Mexico.

I.
<u>Discovery Control Plan</u>

1. Apache intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure ("TRCP") 190.3.

II.
<u>Parties</u>

2. Apache is a Delaware corporation and has its principal office located at 2000 Post Oak Boulevard, Suite 100, Houston, Texas 77056.

3. W&T is a Texas corporation, has its principal office in Houston, Texas, and may be served with process by serving its registered agent in the State of Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## III.
## Jurisdiction

4.  The Court has jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Per TRCP 47, Apache seeks monetary relief over $1 million.

5.  The Court has jurisdiction over W&T because it is a resident of Texas.

## IV.
## Venue

6.  Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code ("TCPRC") § 15.002 because all or a substantial part of the events or omissions giving rise to the claims at issue occurred in Harris County.

## V.
## Facts

7.  Effective May 1, 1999, Mariner Energy, Inc. ("Mariner") and Burlington Resources Offshore Inc. ("Burlington") entered into an agreement titled "Offshore Operating Agreement Outer Continental Shelf – Gulf of Mexico Deepwater" (the "JOA"). Under the JOA, Mariner was designated as the Operator and granted a 51% working interest in several offshore oil and gas leases in the Mississippi Canyon area (the "Pluto Project Area"), which includes Block MC 674. Mariner's interest in the JOA was subsequently transferred to Apache. Apache now is the Operator and owns a 51% working interest in Block MC 674, and specifically in three wells: MC 674 #1, MC 674 #2, and MC 674 #3. For simplicity, this petition sometimes uses the term Apache/Mariner instead of Mariner.

8.  Under the JOA, Burlington was granted a 49% working interest in the Pluto Project Area. Burlington's interest in the JOA was subsequently transferred to W&T. W&T

Certified Document Number: 63514123 - Page 2 of 9

2

now is a Participating Party and has a 49% working interest in the MC 674 wells. For simplicity, this petition sometimes uses the term W&T/Burlington instead of Burlington.

<u>MC 674 Wells</u>

9. In December 1999, and in accordance with the JOA, Apache/Mariner as Operator began production in Block MC 674. W&T/Burlington elected to be a Participating Party in production of Block MC 674.

10. Apache's and W&T's lease on Block MC 674 has terminated. Federal regulations require that the MC 674 wells must be plugged and abandoned after a lease terminates. *See* 30 CFR § 250.1710.

11. Section 5.1 of the JOA provides:

**Exclusive Right to Operate:** Except as otherwise provided, the Operator has the exclusive right and duty to conduct (or cause to be conducted) all operations pursuant to this Agreement. . . . The Operator shall contract for and employ any drilling rigs, tools, machinery, equipment, materials, supplies and personnel reasonably necessary for the Operator to conduct the operations provided for in this Agreement, regardless of which rig a Non-Operating Party included in a well proposal submitted by such Non-Operating Party.

12. Section 18.4 of the JOA provides:

**Abandonment Operations Required by Governmental Authority:** The Operator shall conduct the abandonment and removal of any well, Production System or Facilities required by a governmental authority, and the Costs, risks and net proceeds will be shared by the Participating Parties in such well, Production System or Facilities according to their Participating Interest Share.

13. As Operator, Apache "has the exclusive right and duty" to conduct the abandonment and removal of each of the MC 674 wells. As a Participating Party in each of the MC 674 wells, W&T is required to share in the costs of such abandonment and removal according to its Participating Interest Share of 49%.

14. Per 30 CFR § 250.1715, each of the MC 674 wells must be plugged with at least 200 feet of cement. Apache prudently and reasonably determined that a subsea well intervention

vessel would not be the best solution under the circumstances for abandonment operations. Apache prudently and reasonably determined that there was an unreasonably high risk that an intervention vessel would not be sufficient to satisfy 30 CFR § 250.1715. Apache prudently and reasonably determined that a drilling rig (such as the Diamond Ocean Onyx or Ensco 8505), not an intervention vessel, was right for the job, in part to avoid the unacceptably high risk of an inadequate and unsafe cement job.

15. Apache prudently and reasonably decided to utilize a drilling rig (not an intervention vessel) to plug and abandon the three MC 674 wells in order to comply with federal regulations and to complete the abandonment of the wells in an efficient and safe manner.

16. Apache discussed this decision with W&T representatives and engineers Mark Fremin and Bobby Louviere on July 8, 2014, discussed it with W&T representatives and engineers Cliff Williams and David Bump on July 17, 2014, and discussed it with W&T representatives and engineers Marsh Armitage, Mark Fremin, and Bobby Louviere on August 1, 2014. At each of these meetings, W&T's engineers agreed with Apache that use of a drilling rig (not an intervention vessel) is appropriate for the MC 674 abandonment operations.

## W&T's Refusal to Pay

17. On August 6, 2014, non-operator W&T sent a pre-emptive letter to Apache and enclosed three Authorizations for Expenditures ("AFEs") for costs associated with plugging and abandoning the three MC 674 wells. W&T's purported AFEs proposed plugging and abandoning the three MC 674 wells using an intervention vessel that W&T's engineers had previously agreed was not the appropriate option.

18. On August 8, 2014, Apache sent a letter to W&T and stated that "Apache has reviewed and has elected not to approve any of said AFEs. As discussed with W&T

Certified Document Number: 63514123 - Page 4 of 9

4

representatives on several occasions, Apache does not believe that an intervention vessel is the proper vessel to utilize for the abandonments. BSEE Regional Office is now enforcing P&A regulations requiring placing at least 200' of cement in each open annulus, and if we are unable to do so, we will have to cut and pull casing. Apache sees a high risk that we will be unable to comply with the new cementing requirements and believe utilizing a drilling rig is the most effective approach to abandoning the wells."

19.   On August 18, 2014, operator Apache sent W&T a letter, enclosed an AFE to plug and abandon the MC 674 #2 well using an Ensco 8505 drilling rig, and noted that "Apache believes that the Ensco 8505 is capable to utilize in this abandonment operation and that the sufficient approvals required from BSEE will be obtained."

20.   On September 10, 2014, Apache sent W&T a letter, enclosed a revised AFE with a reduced estimated cost, and noted that "[o]n September 5, 2014, Bureau of Safety and Environmental Enforcement ("BSEE") granted approval of the APM (Application for Permit to Modify), which did not include the requirement to cut and pull any casing strings. Therefore, Apache was able to remove these associated costs as reflected in the attached, revised procedure and updated wellbore schematic." On October 3, 2014, Apache sent W&T a letter and noted that "additional costs have been reduced substantially by the use of the Ensco 8505 rig due to expedited turnaround time during the multiple trips in and out of the hole."

21.   On September 19, 2014, W&T's Senior Vice President and Chief Operations Officer sent Apache a letter and stated that W&T did "not consent or support Apache's proposal," and "W&T does not believe that the Ensco 8505 rig is required, necessary or appropriate for the subject abandonment. . . . W&T respectfully requests that Apache reconsider its decision to use the Ensco 8505 rig."

Certified Document Number: 63514123 - Page 5 of 9

22. On September 23, 2014, Apache sent a letter to W&T and noted:

> As you know, Apache disagrees with W&T's claim that the Ensco 8505 rig is not an appropriate vessel for the abandonment of the #2 Pluto well. As discussed in four separate meetings with W&T representatives, there is considerable risk that the Helix 534 intervention vessel may not be capable of completing the abandonment operation in accordance with current regulations, in which case a drilling rig would be needed to complete the operation. The risk that a need to switch from the intervention vessel to a drilling rig is too great in this instance, and the prudent course of action dictates that we proceed with the use of the Ensco 8505. As a result, Apache employed the vessel that was necessary and appropriate to successfully conduct the abandonment operation in the most overall cost efficient manner.
>
> Additionally, as you know, W&T's claim that it should not be obligated to pay additional costs resulting from the use of the Ensco 8505 is unfounded and unwarranted. The Pluto Unit Operating Agreement provides that the Operator shall conduct the abandonment of any well and the costs will be shared by the Participating Parties according to their Participating Interest Share. The Unit Operating Agreement does not grant W&T a right to pick and choose the costs which it will pay. Accordingly, we expect W&T's timely and complete payment of its participation interest share of this P&A work.

23. On September 29, 2014 Apache sent W&T a cash call invoice for the estimated minimum cash outlay for Apache's October 2014 operations. Cash calls are governed by Article 3 of Exhibit "C" to the JOA, which provides:

> **Advances and Payments by the parties.**
>
> A. If gross expenditures for the Joint Account are expected to exceed $1,000,000 in the next succeeding month's operations, the Operator may require the Non-Operators to advance their share of the estimated cash outlay for such month's operations. Unless otherwise provided in this Agreement, any billing for such advance shall be payable within fifteen (15) days after receipt of the advance request or by the first day of the month for which the advance is required, whichever is later. Operator shall adjust each monthly billing to reflect advances received from the Non-Operators for such month.
>
> B. . . . [E]ach Party shall pay its proportion of all bills within fifteen (15) days of receipt date. If payment is not made within such time, the unpaid balance shall bear interest compounded monthly using the U.S. Treasury Bill three month rate plus 3% in effect on the first day of the month for each month that the payment is delinquent or the maximum contract rate permitted by the applicable usury laws in the jurisdiction in which the Joint Property is located, whichever is the lesser, plus attorney's fees, court costs, and other costs in connection with the collection

Certified Document Number: 63514123 - Page 6 of 9

of unpaid amounts. Interest shall begin accruing on the first day of the month in which the payment was due. . . .

24.     On October 3, 2014, W&T sent Apache a letter and stated that W&T did "not understand why this cash call is applicable." On October 6, 2014, Apache explained to W&T that W&T's payment of the amount due under the cash call was required by Article 3 of Exhibit "C" and Section 18.4 of the JOA.

25.     On October 15, 2014, Apache sent W&T a letter and attached AFEs to plug and abandon the MC 674 #1 and MC 674 #3 wells using the Diamond "Ocean Onyx" drilling rig. Apache also attached an "AFE to conduct preliminary ROV work using the "MSV Ocean Intervention II." Apache noted in the letter that "Apache requests that W&T Offshore Inc. sign and return one copy of each AFE indicating W&T's approval of the proposed operations, however, since plugging and abandonment is required by BSEE the proposed expenditures are required and AFEs are provided for 'information only.'"

26.     On November 7, 2014, W&T sent Apache a letter and stated that W&T did "not consent or support Apache's proposal," and "W&T respectfully requests that Apache reconsider its decision to perform the abandonment operations using the Diamond Ocean Onyx MODU as contemplated by the AFEs."

27.     W&T has not paid the amounts due under Apache's cash call. W&T has also failed to pay amounts due under Apache's monthly joint interest billing invoices for operations in September and October 2014. W&T has not agreed (or withdrawn its refusal) to fund its share of abandonment costs.

VI.
Cause of Action

Count 1 – Breach of Contract

28.     Apache incorporates the allegations above.

7

Certified Document Number: 63514123 - Page 7 of 9

29. The JOA is a valid and binding contract. W&T is bound by the terms of the JOA.

30. W&T breached and continues to breach the JOA by failing to pay its share of the costs for the required plugging and abandonment of the MC 674 wells.

31. As a proximate result of W&T's breaches, Apache has suffered and continues to suffer damages.

32. As a matter of law, and under the JOA, Apache is entitled to recover from W&T all amounts as and when they become due, and is entitled to interest on any unpaid balance, "plus attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts." JOA, Exhibit "C," Article 3.

33. <u>Attorney's Fees</u>. Apache has retained counsel and is entitled to recover its reasonable attorney's fees and expenses under TCPRC § 38.001(8) and Chapter 38. Apache presents its claim for attorney's fees to W&T in accordance with TCPRC § 38.002.

## VII.
## Conditions Precedent

34. All conditions precedent to Apache's claims for relief have been performed or have occurred.

## VIII.
## Jury Demand

35. Apache demands a jury trial and tenders the appropriate fee with this petition.

## IX.
## Request for Disclosure

36. Under TRCP 194, Apache requests that, within 30 days of the service of this request, W&T disclose the information or material described in TRCP 194.2.

37. With respect to this and all subsequent discovery requests, Apache requests that W&T comply with and provide the information required under TRCP 193.3.

X.
Prayer for Relief

38. Apache asks that the Court issue citation for W&T to appear and answer, and that the Court award Apache a judgment against W&T for the following:

    a. Actual damages;

    b. Prejudgment and post judgment interest;

    c. Court costs;

    d. Reasonable and necessary attorney's fees, including under the JOA and under TCPRC §§ 37.009 and 38.001(8) and Chapters 37 and 38; and

    e. All other further relief, legal and equitable, to which Apache is entitled.

Dated: December 15, 2014.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: /s/ Geoffrey L. Harrison
    Geoffrey L. Harrison
    gharrison@susmangodfrey.com
    State Bar No. 00785947
    William R. H. Merrill
    bmerrill@susmangodfrey.com
    State Bar No. 24006064
    Ashley McMillian
    amcmillian@susmangodfrey.com
    State Bar No. 24070252
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002-5096
    Telephone: (713) 653-7807
    Facsimile: (713) 654-6666

*Attorneys for Apache Corporation*

9

X.
Prayer for Relief

38. Apache asks that the Court issue citation for W&T to appear and answer, and that the Court award Apache a judgment against W&T for the following:

    a. Actual damages;

    b. Prejudgment and post judgment interest;

    c. Court costs;

    d. Reasonable and necessary attorney's fees, including under the JOA and under TCPRC §§ 37.009 and 38.001(8) and Chapters 37 and 38; and

    e. All other further relief, legal and equitable, to which Apache is entitled.

Dated: December 15, 2014.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

By: /s/ Geoffrey L. Harrison
Geoffrey L. Harrison
gharrison@susmangodfrey.com
State Bar No. 00785947
William R. H. Merrill
bmerrill@susmangodfrey.com
State Bar No. 24006064
Ashley McMillian
amcmillian@susmangodfrey.com
State Bar No. 24070252
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

*Attorneys for Apache Corporation*

Certified Document Number: 63514123 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 8, 2015

Certified Document Number:        63514123 Total Pages: 9

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/15/2014 3:27:24 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3492329
By: DURISSEAU, CASSANDRA A

# CIVIL CASE INFORMATION SHEET

**2014-72462 / Court: 055**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Geoffrey L. Harrison | Email:<br>gharrison@susmangodfrey.com | Plaintiff(s)/Petitioner(s):<br>Apache Corporation | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>1000 Louisiana St., Suite 5100 | Telephone:<br>713-653-7807 | Defendant(s)/Respondent(s):<br>W&T Offshore, Inc. | Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77002 | Fax:<br>713-654-6666 | | Presumed Father: |
| Signature: *[signed]* | State Bar No:<br>00785947 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Other Family Law** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☒ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: ___<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: ___ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: ___<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product: ___<br><br>☐ Other Injury or Damage: ___ | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: ___<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: ___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: ___ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: ___ |
| **Employment** | **Other Civil** | | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: ___ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ___ | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court      ☐ Declaratory Judgment      ☐ Prejudgment Remedy
☐ Arbitration-related                          ☐ Garnishment               ☐ Protective Order
☐ Attachment                                   ☐ Interpleader              ☐ Receiver
☐ Bill of Review                               ☐ License                   ☐ Sequestration
☐ Certiorari                                   ☐ Mandamus                  ☐ Temporary Restraining Order/Injunction
☐ Class Action                                 ☐ Post-judgment             ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

Certified Document Number: 63514124 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 8, 2015

Certified Document Number:        63514124 Total Pages: 2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**CIVIL PROCESS REQUEST FORM**

12/15/2014 3:27:24 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3492329
By: DURISSEAU, CASSANDRA A

2014-72462 / Court: 055

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petiton

**FILE DATE OF MOTION:** 12/15/2014
                         Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** W&T Offshore, Inc.
   **ADDRESS:** 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136
   **AGENT,** (if applicable): CT Corporation System

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   ☒ **ATTORNEY PICK-UP** Authorized Person to Pick-up: Kayci White 713-655-5625
   ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
   ☐ **MAIL**                              ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:   ☐ **COURTHOUSE DOOR,** or
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** explain _____

**ATTENTION: Effective June1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*****************************************************************************************

2. **NAME:** _____
   **ADDRESS:** _____
   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   ☐ **ATTORNEY PICK-UP**                  ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
   ☐ **MAIL**                              ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:   ☐ **COURTHOUSE DOOR,** or
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** _____  **TEXAS BAR NO./ID NO.** _____

**MAILING ADDRESS:** _____

**PHONE NUMBER:** _____  _____   **FAX NUMBER:** _____  _____
                  area code  phone number                    area code   fax number

**EMAIL ADDRESS:** _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                Rev. 5/7/10

Certified Document Number: 63514125 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
                    (specify)
MOTION TO: _____
                    (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 8, 2015

Certified Document Number:        63514125 Total Pages: 2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 201472462

ATY **X**   CIV _   COURT **55TH**

---

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

*ATTORNEY: **HARRISON, GEOFFREY LLOYD**   PH: **713.651.9366**

*CIVIL PROCESS SERVER: **N/A**

*PH: **N/A**

*PERSON NOTIFIED SVC READY: **KAYCI WHITE AT 9:40A**

*NOTIFIED BY: **CASSANDRA DURISSEAU**

DATE: **December 16, 2014**

---

Type of Service Document: **CITATION**   Tacking Number **7308721**
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____

Process papers prepared by: _____

Date: **12-16** 2014   30 days waiting **1-16-2014**

*Process papers released to: **C HOULE** (PRINT NAME)

**713-655-0555**
*(CONTACT NUMBER)   (SIGNATURE)

*Process papers released by: **Marcella Hill** (PRINT NAME)
(SIGNATURE)

*Date: **12-16**, 2014   Time: **10:34** **AM**/PM

Revised 12-15-2014

CONFIRMED FILE DATE: 12/16/2014
Certified Document Number: 63542983 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 8, 2015

Certified Document Number:        63542983 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**